U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

MAR 7 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:16-cr-0044 |
| | * | 18 U.S.C. §§ 242, 2 |
| VERSUS | * | |
| | * | JUDGE ~~DRELL~~ MINALDI |
| DAVID HINES | * | MAGISTRATE JUDGE WHITEHURST |

## STIPULATION IN SUPPORT OF GUILTY PLEA

The UNITED STATES OF AMERICA, through the undersigned attorneys, and the Defendant, DAVID HINES, represented by his undersigned counsel, Lane Ewing, agree that the following statement of facts is true and that the government could prove these facts beyond a reasonable doubt at trial:

The Defendant admits that, while acting under color of law and while aided and abetted by others, he willfully deprived R.T., an arrestee, of his federally protected right not to be subject to an unreasonable seizure, which includes the right to be free from the use of unreasonable force by a law enforcement officer, in violation of Title 18, United States Code, Section 242 and Section 2.

1

The Defendant was employed by the Iberia Parish Sheriff's Office (IPSO) since 2010, and served on the Narcotics Unit as an Agent from approximately 2011 until 2015.

On or about March 14, 2014, the Defendant, while off-duty, was called in by a Narcotics Supervisor and ordered to report to the office of a high ranking IPSO official. The Defendant and another Narcotics Agent met with the high-ranking IPSO official and another IPSO supervisor. The high-ranking IPSO official told the Defendant and the other Narcotics Agent that a subject, R.T., had assaulted an elderly relative of the high-ranking official. The high-ranking official told the Defendant and the other Narcotics Agent to "take care of [R.T.]." The Defendant knew, based on his prior experience in the Narcotics Unit and based on prior conversations, that the high-ranking IPSO official wanted the Defendant and the other Narcotics Agent to use unlawful force to punish R.T. for his assault on the official's relative. The Defendant, knowing the high-ranking official's intent, and intending to further his unlawful objective, went with the other Narcotics Agent to find, assault, and arrest R.T.

When the Defendant and the other Narcotics Agent located R.T., he was hiding in the bathroom of an apartment. R.T. voluntarily exited the bathroom and complied with the officers' commands. The Defendant took

R.T. to the floor, pinned him down, and restrained him in a way that prevented him from moving or resisting.

The Defendant then kneed R.T. in the side and back several times, and struck R.T. with his baton several times in the back of his legs. At the time that the Defendant struck R.T. with the baton, R.T. was restrained and compliant. The force used by the Defendant was unjustified and unnecessary in that R.T. posed no threat to the Defendant or anyone else at the time of the beating. The Defendant, in order to carry-out the high-ranking IPSO official's commands, assaulted R.T. to punish him for his prior assault of the high-ranking official's relative.

Once R.T. was removed from the apartment in which he was hiding, the Narcotics Agent accompanying the Defendant hit R.T. in the stomach while R.T. was handcuffed, compliant, and posing no risk of harm to anyone. Thereafter, the Defendant wrote a false police report fabricating justifications for the use of force, and failing to describe that he and the other Narcotics Agent beat the defendant without justification and at the instruction of the high ranking IPSO official.

Both the United States and the Defendant do hereby stipulate and agree that the above facts are true, and that they set forth a sufficient factual basis for the crime to which the defendant is pleading guilty. Both the United

States and the Defendant also agree that this factual basis does not contain all of the relevant information known to the Defendant. This is a sufficient factual basis, but it is not an exhaustive statement by the Defendant.

READ AND APPROVED this day 7th of March, 2016.

_____
DAVID HINES
Defendant

_____
LANE EWING
Attorney for Defendant

_____
JOSEPH JARZABEK
Assistant United States Attorney

_____
MARK BLUMBERG
Special Litigation Counsel, Civil Rights Division

_____
TONA BOYD
Trial Attorney, Civil Rights Division