```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF LOUISIANA
                         LAFAYETTE DIVISION




UNITED STATES OF AMERICA,         :      Docket No. 16-0044
                                  :
                Plaintiff,        :
vs.                               :      March 7, 2016
                                  :
DAVID HINES,                      :
                                  :
                Defendant.        :      Lafayette, Louisiana
_____




        REPORTER'S OFFICIAL TRANSCRIPT OF THE TESTIMONY OF
   SPECIAL AGENT SANDRA ZULLI HAD DURING THE PLEA HEARING
             BEFORE THE HONORABLE DEE D. DRELL
                 UNITED STATES DISTRICT JUDGE




APPEARANCES:

FOR THE PLAINTIFF:           ALEXANDER C. VAN HOOK
                             United States Attorney's Office
                             300 Fannin Street, Suite 3201
                             Shreveport, LA  71101-3068

FOR THE DEFENDANT:           JOHN LANE EWING, JR.
                             Cazayoux & Ewing
                             257 Maximilian Street
                             Baton Rouge, LA  70802






                  LARAE E. BOURQUE, RMR, CRR
                  Federal Official Court Reporter
                  800 Lafayette Street, Ste. 3103
                       Lafayette, LA  70501
```

I N D E X

WITNESS:                                                  PAGE:

SPECIAL AGENT SANDRA ZULLI
     Direct Examination by Mr. Van Hook...........   3

```
 1    * * * * * * * E X C E R P T * * * * * * *
 2             THE COURT: All right. So let me turn now to the
 3    government.
 4             Mr. Van Hook, presentation of evidence to support this
 5    count, please.
 6             MR. VAN HOOK: Yes, Your Honor. The United States
 7    would call Special Agent Sandra Zulli.
 8             THE COURTROOM DEPUTY: Do you solemnly swear that the
 9    testimony you are about to give in this case will be the truth,
10    the whole truth, and nothing but the truth, so help you God?
11             THE WITNESS: I do.
12    Whereupon,
13                      SPECIAL AGENT SANDRA ZULLI
14    was called as a witness; after having been first duly sworn, was
15    examined and testified as follows:
16                          DIRECT EXAMINATION
17    BY MR. VAN HOOK:
18    Q    Would you please state your name and occupation for the
19    record.
20    A    Sandra M. Zulli, special agent with the FBI.
21    Q    And could you spell your last name?
22    A    Z-U-L-L-I.
23    Q    And how long have you been a special agent?
24    A    Twenty years.
25    Q    And in your capacity as a special agent, have you been the
```

```
 1   lead investigator of the facts surrounding this case?
 2   A    Yes.
 3   Q    And have you had an opportunity before today to review the
 4   plea agreement in this case?
 5   A    Yes.
 6   Q    And have you had the opportunity to look at the stipulation
 7   in support of the guilty plea, the factual stipulation?
 8   A    Yes.
 9   Q    Okay.  I'm going to ask you to look at page 1 of that
10   stipulation.  I'm going to go through some of it, and the judge,
11   or counsel for the defendant, or I may ask you some clarifying
12   questions.  Is that okay?
13   A    Okay.
14   Q    If you look at the second paragraph there, what does it
15   essentially provide?
16   A    It provides a statement that the defendant admits that,
17   while acting under the color of law and while aided and abetted
18   by others, he willfully deprived R.T., an arrestee, of his
19   federally protected right not to be subject to an unreasonable
20   seizure, which includes the right to be free from the use of
21   unreasonable force by a law enforcement officer.
22   Q    Okay.  And it says that he acted under the color of law.  Is
23   it your understanding that the defendant was employed with the
24   Iberia Parish Sheriff's Office as a narcotics agent?
25   A    Yes.
```

```
1    Q    And he was so employed from 2011 until 2015 as a narcotics
2    agent?
3    A    That's correct.
4    Q    And he has worked for the Iberia Parish Sheriff's Office
5    since 2010.  Is that your understanding as well?
6    A    Yes.
7    Q    Okay.  Are you familiar with an event that took place on or
8    about March 14 of 2014 involving Mr. Hines?
9    A    Yes.
10   Q    And was he on or off duty on that day?
11   A    Off duty.
12   Q    Okay.  What happened?
13            And if you need to refer to the stipulation, feel free.
14   A    Mr. Hines was called by a narcotics supervisor and ordered
15   to report to the office of a high ranking IPSO official.
16   Mr. Hines and another narcotics agent met with the high ranking
17   IPSO official and another IPSO supervisor.  The high ranking IPSO
18   official told Hines and the other narcotics agent that a subject,
19   R.T., had assaulted an elderly relative of the high ranking
20   official.
21   Q    Okay.  Let me stop you there.  R.T., those are initials for
22   the name of the victim in this case?
23   A    Yes.
24   Q    Okay.  Go ahead.
25   A    The high ranking official told Hines and the other narcotics
```

1  agent to take care of R.T.  Hines knew, based on his experience
2  in the narcotics unit and based on prior conversations, that the
3  high ranking IPSO official wanted the defendant and the other
4  narcotics agent to use unlawful force to punish R.T. for his
5  assault on the official's relative.  The defendant, knowing the
6  high ranking official's intent and intending to further his
7  unlawful objective, went with the other narcotics agent to find,
8  assault, and arrest R.T.
9  Q    Okay.  Now, Mr. Hines traveled to an apartment building; is
10 that correct?
11 A    That's correct.
12 Q    And was R.T. found in one of the apartments?
13 A    Yes.
14 Q    And referring to the stipulated factual basis, what happened
15 once he was found?
16 A    He was located in the bathroom of an apartment.  R.T.
17 voluntarily exited the bathroom and complied with the officer's
18 commands.  Then the defendant, Mr. Hines, took R.T. to the floor,
19 pinned him down, and restrained him in a way that prevented him
20 from moving or resisting.
21 Q    Okay.  And then was unnecessary force employed?
22 A    At this point Hines then kneed R.T. in the side and back
23 several times and struck R.T. with his baton several times in the
24 back of his legs.
25 Q    Okay.  What happened next?

| | |
|---|---|
| 1 | A    At the time that he struck R.T. with the baton, R.T. was |
| 2 | restrained and compliant.  The force used by Hines was |
| 3 | unjustified and unnecessary in that R.T. posed no threat to Hines |
| 4 | or anyone else at the time of the beating, and Hines did this in |
| 5 | order to carry out the high ranking IPSO official's commands, |
| 6 | assaulted R.T. to punish him for his prior assault of the high |
| 7 | ranking official's relative. |
| 8 | Q    Once R.T. was removed from the apartment, did somebody else |
| 9 | hit him? |
| 10 | A    Once he was removed, the narcotics agent accompanying R.T. |
| 11 | hit him in the stomach and R.T. was handcuffed at the time.  He |
| 12 | was compliant and posing no threat or harm or risk to anyone. |
| 13 | Q    You said the narcotics agent accompanying R.T.  You mean the |
| 14 | other agent who accompanied Mr. Hines? |
| 15 | A    Oh, Mr. Hines.  That's correct. |
| 16 | Q    And so the person that hit R.T. in the stomach was not |
| 17 | Mr. Hines, but the other agent; is that correct? |
| 18 | A    That's correct. |
| 19 |             MR. VAN HOOK:  Your Honor, I have no further questions. |
| 20 |             THE COURT:  All right.  Thank you. |
| 21 |             I don't have any -- or let me just ask this question: |
| 22 | The time frame between when he was told to go out and when they |
| 23 | went to do the arrest, it was relatively short? |
| 24 |             THE WITNESS:  It was the same day, yes. |
| 25 |             THE COURT:  Okay.  Thank you. |

```
1                Any questions from counsel?
2                MR. EWING:  None from the defense, Your Honor.
3                THE COURT:  All right.  And nothing generated by mine,
4     I assume?
5                MR. VAN HOOK:  No, Your Honor.
6                THE COURT:  All right, then.  I don't have any other
7     questions.  You may step down.  Thank you.
8                              - - -
9
10
11                            Certificate
12    I hereby certify this 15th day of March, 2016, that the foregoing
13    is, to the best of my ability and understanding, a true and
14    correct transcript from the record of proceedings in the
15    above-entitled matter.
16
17                                  /s/ LaRae E. Bourque
18                                  Federal Official Court Reporter
19
20
21
22
23
24
25
```