1

```
            IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF LOUISIANA
                  LAKE CHARLES DIVISION


UNITED STATES OF AMERICA      *  Docket No. 6:16-CR-0044
                              *
                              *
VERSUS                        *  March 7, 2016
                              *
                              *
DAVID HINES                   *  Lake Charles, Louisiana

*****************************************************************

      REPORTER'S OFFICIAL TRANSCRIPT OF THE PLEA HEARING
          BEFORE THE HONORABLE PATRICIA MINALDI,
               UNITED STATES DISTRICT JUDGE

*****************************************************************


                    A P P E A R A N C E S


FOR THE GOVERNMENT:  ALEXANDER C. VAN HOOK
                     U.S. Attorney's Office
                     300 Fannin Street, Suite 3201
                     Shreveport, LA 71101
                     Email:  alexander.van.hook@usdoj.gov
                     Phone:  (318) 676-3600
                     Fax:    (318) 676-3660


                     TONA BOYD
                     U.S. Dept. of Justice, Civil Rights Div.
                     950 Pennsylvania Avenue N.W.
                     Washington, DC  20530
                     Email:  tona.boyd@usdoj.gov
                     Phone:  (202) 514-3204
                     Fax:    (202) 514-8336


FOR THE DEFENDANT:   JOHN LANE EWING, JR.
                     Cazayoux & Ewing
                     257 Maximilian Street
                     Baton Rouge, LA  70802
                     Email: lane@cazayouxewing.com
                     Phone: (225) 650-7400
                     Fax:   (225) 650-7401
```

**Deidre D. Juranka, RPR**
**United States Court Reporter**
**Western District of Louisiana**

```
REPORTED BY:        DEIDRE D. JURANKA, RPR
                    611 Broad Street, Suite 267
                    Lake Charles, Louisiana 70601
                    Email:  dd_juranka@lawd.uscourts.gov
                    Phone:  (337) 214-6669
                    Fax:    (337) 437-3390
```

```
 1                    COURT PROCEEDINGS
 2                 (Call to order of the court.)
 3          THE COURT:  Good afternoon.
 4          MR. VAN HOOK:  Good afternoon, Your Honor.  Your
 5     Honor, I'm Alex Van Hook on behalf of the United States
 6     Attorney's Office.  At counsel table with me is Tona
 7     Boyd with the Civil Rights Division and along with
 8     Special Agent --
 9          THE COURT:  Thank God you're here.
10          MR. VAN HOOK:  -- along with Special Agent Sandra
11     Zulli.  We're here on behalf of the United States.  The
12     next case this afternoon is United States versus David
13     Hines which is a Lafayette Division case that has been
14     assigned Criminal No. 6:16-0044.  At this time the
15     United States would offer a Rule 11 package which
16     contains executed documents as follows, a Waiver of
17     Indictment, Bill of Information, Elements of the
18     Offense, Affidavit of Understanding Maximum Penalty and
19     Constitutional Rights, the Plea Agreement, and a Factual
20     Stipulation in Support of the Plea.  Any objection?
21          MR. EWING:  No, Your Honor.  Good afternoon.  Lane
22     Ewing for Mr. Hines who's present today in court.
23          THE COURT:  Thank you.  They're accepted.
24          I thought there was only one thing we were having
25     today.  Okay.  Mr. Comeaux, please come forward.
```

1          MR. VAN HOOK:  Your Honor, this is Mr. Hines.
2     Mr. Hines is the first.  Mr. Comeaux is the second.
3          THE COURT:  My God.  Somebody put them in the wrong
4     order.  All right.  I am told that you want to plead
5     guilty to deprofession -- deprivation of rights under
6     color of law.  Before I can accept your guilty plea, I
7     need to have a discussion with you about that guilty
8     plea.  And it's important that when I have that
9     discussion with you that the answers be truthful
10    because, if they're not, the Government would have the
11    option of charging you with perjury.  Do you understand
12    that?
13         THE DEFENDANT:  Yes, ma'am.
14         THE COURT:  Okay.  Mr. Ewing --
15         MR. EWING:  Yes, Your Honor.
16         THE COURT:  -- have you gone over the plea packet
17    with your client?
18         MR. EWING:  I have, Your Honor.
19         THE COURT:  Do you feel like he understands it?
20         MR. EWING:  I do.
21         THE COURT:  And have you talked with him about
22    the -- how the sentencing guidelines might affect his
23    sentence?
24         MR. EWING:  I have, Your Honor.
25         THE COURT:  You feel like he understands that?

```
 1            MR. EWING:  I'm sorry.  Yes, I do.  I feel like he
 2    understands.  He understands that while the guidelines
 3    are advisory, that they're not mandatory at the end of
 4    the day.
 5            THE COURT:  All right.  Mr. Hines, how old are you?
 6            THE DEFENDANT:  30 years old, ma'am.
 7            THE COURT:  How far did you go in school?
 8            THE DEFENDANT:  I graduated high school.
 9            THE COURT:  Can you read and write the English
10    language?
11            THE DEFENDANT:  Yes, ma'am.
12            THE COURT:  Are you currently under the influence
13    of drugs or alcohol?
14            THE DEFENDANT:  No, ma'am.
15            THE COURT:  Let's turn -- do you have the plea
16    packet in front of you?
17            THE DEFENDANT:  Yes, ma'am.
18            THE COURT:  Let's turn to the Elements of the
19    Offense.
20            MR. VAN HOOK:  Your Honor, I'm not sure if you
21    swore in the defendant.
22            THE COURT:  Oh.  Okay.  Go ahead.
23                 (Oath is administered.)
24            MR. VAN HOOK:  And, Your Honor, if you would just
25    indulge me.  If you could ask those first few questions
```

1  you asked him again, if it would please the Court.
2          THE COURT:  No.  Thanks.
3          These are the things that the Government would have
4  to prove beyond a reasonable doubt before you could be
5  convicted of this offense, and they are, one, that you
6  acted under the color of law; two, that you deprived
7  R.T., which is initials, a person in the United States,
8  of a right protected or secured by the Constitution or
9  laws of the United States, the right to due process
10 which includes the right to be free from the use of
11 excessive force amounting to punishment by a sheriff's
12 deputy; and third, that the defendant, that you, acted
13 willfully; and fourth, that the offense resulted in
14 bodily injury to the victim or involved the use of a
15 dangerous weapon.  Is that the count?
16         THE DEFENDANT:  Yes, ma'am.
17         THE COURT:  Let's turn next to the Affidavit of
18 Understanding of the Maximum Penalty and Constitutional
19 Rights.  This document tells you the penalty you face
20 when you are convicted of this offense and then goes on
21 to explain to you what the penalties are -- I'm sorry,
22 the constitutional rights that you give up when you
23 enter this guilty plea.  Penalty first:  a term of
24 imprisonment of not more than ten years or a fine of not
25 more than $250,000, a term of supervised release of not

```
 1        more than three years, and a special assessment of $100
 2        at the time of your guilty plea which is mandatory.
 3              THE DEFENDANT:  Yes, ma'am.
 4              THE COURT:  Do you understand that?
 5              THE DEFENDANT:  Yes, ma'am.
 6              THE COURT:  You have a right to go to trial in this
 7        case.  At that trial you would have the right to have
 8        your lawyer represent you, you would have the right to
 9        have 12 people selected as the jury, and all 12 of those
10        people would have to agree that you -- the Government --
11        I'm sorry, the Government had proved its case beyond a
12        reasonable doubt before you could be convicted of any
13        offense; but when you plead guilty you give up all of
14        those rights.  Do you understand that?
15              THE DEFENDANT:  Yes, ma'am.
16              THE COURT:  You also have the right to be --
17        confront and cross-examine your witnesses, but you give
18        up that right when you plead guilty.  Do you understand
19        that?
20              THE DEFENDANT:  Yes, ma'am.
21              THE COURT:  You have a privilege against
22        self-incrimination which means nobody can testify --
23        prove -- force you to testify against yourself, but when
24        you plead guilty you give up that right.  Do you
25        understand that?
```

1    THE DEFENDANT: Yes, ma'am.
2    THE COURT: If you went to trial, you would have
3    the right to take the witness stand in your own defense.
4    Nobody can make you do that, but you have that right.
5    Do you understand that?
6    THE DEFENDANT: Yes, ma'am.
7    THE COURT: And you have the right to be
8    represented at all times by counsel of your choice or by
9    court-appointed counsel if you cannot afford your own.
10   Are you court appointed?
11   MR. EWING: I am, Your Honor.
12   THE COURT: Okay. And I want to let you know that
13   if at any time you became indigent and couldn't afford
14   your counsel's service, I would appoint somebody to
15   represent you so you would always have counsel. Do you
16   understand that?
17   THE DEFENDANT: Yes, ma'am.
18   THE COURT: Let's turn to the Plea Agreement. This
19   Plea Agreement outlines in detail and in writing what
20   you and the Government agree your obligations are to
21   each other. Is there anything about those obligations
22   you don't understand or have any questions about?
23   THE DEFENDANT: No, ma'am. I understand.
24   THE COURT: Is there anything that anybody promised
25   you not in the Plea Agreement?

1        THE DEFENDANT:  No, ma'am.
2        THE COURT:  All right.  And is there anything
3    about -- never mind.  Sorry.  Has anyone forced,
4    threatened or coerced you to enter this guilty plea?
5        THE DEFENDANT:  No, ma'am.
6        THE COURT:  All right.  Let's turn to the Factual
7    Stipulation.  You got it?  All right.  This is basically
8    what the Government says you and the Government have
9    agreed that happened in this case that would justify me
10   in accepting this guilty plea, and I just want to make
11   sure that you agree.  I'm not going to read it word for
12   word because I know you've done that before, but I'm
13   going to go over the more salient points to make sure
14   that you agree that this is what happened.
15       This says that on or about March 14, 2014 you,
16   while off duty, were called by a narcotics supervisor,
17   by a high fishing person in IPSO --
18       MR. VAN HOOK:  Your Honor, I think we're going to
19   ask to stop this proceeding.  And I need to speak to
20   counsel for the defendant.
21       THE COURT:  Okay.
22       MR. VAN HOOK:  Okay.  May we have a 20 minute
23   recess, Your Honor?
24       THE COURT:  Ten.
25       MR. VAN HOOK:  Thank you.

```
1                    (Recess is taken.)
2         MR. VAN HOOK:  May we approach, Your Honor?
3         THE COURT:  Sure.
4                    (Off the record discussion.)
5         THE COURT:  We're at recess.  Actually, we're
6    adjourned.
7                    (Proceedings adjourned.)
8
9
10                      *  *  *  *  *  *
11
12
13                         CERTIFICATE
14
15     I hereby certify this 16th day of March, 2016, that the
16   foregoing is, to the best of my ability and understanding, a
17   true and correct transcript of the proceedings in the
18   above-entitled matter.
19
20                              S/Deidre D. Juranka, RPR
                                Official Court Reporter
21
22
23
24
25
```

**Deidre D. Juranka, RPR**
**United States Court Reporter**
**Western District of Louisiana**